IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

PETER HALMOS, INTERNATIONAL
YACHTING CHARTER SERVICES, and
HIGH PLAINS CAPITAL CORPORATION,

    Plaintiffs,

vs.                                                  CASE NO.: 22-CV-10006-JEM

RICHARD W. SPINARD, in his official capacity
as Under Secretary of Commerce for Oceans and
Atmosphere and Administrator of the National
Oceanic and Atmospheric Administration, NATIONAL
OCEANIC AND ATMOSPHERIC ADMINISTRATION,
GINA M. RAIMONDO, in her official capacity as
Secretary of the United States Department of Commerce,
UNITED STATES DEPARTMENT OF COMMERCE,
SHAWN HAMILTON, in his official capacity as Secretary
of the Florida Department of Environmental Protection,
FLORIDA DEPARTMENT OF ENVIRONMENTAL
PROTECTION, ERIC SUTTON, in his official capacity
as Executive Director of the Florida Fish and Wildlife
Conservation Commission, FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION, SHAWN
HAMILTON, in his official capacity as Director
of the Florida Department of Environmental Protection,
THOMAS REINERT, in his official capacity as Regional
Director for the Southern Region of the Florida Fish and
Wildlife Conservation Commission, RODNEY BARRETO,
ROBERT A. SPOTTSWOOD, STEVEN HUDSON,
GARY NICKLAUS, GARY LESTER, SONYA ROOD,
and MICHAEL W. SOLE, in their official capacity as
Commissioners of the Florida Fish and Wildlife
Conservation Commission, and FLORIDA FISH
AND WILDLIFE CONSERVATION COMMISSION,

    Defendants.
_____/

## DEFENDANTS', FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION AND SHAWN HAMILTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants, Florida Department of Environmental Protection ("FDEP") and Shawn Hamilton, in his official capacity as Secretary of FDEP ("Secretary Hamilton"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), hereby move this Court to dismiss the complaint filed by Peter Halmos ("Halmos"), International Yachting Charter Services ("IYCS"), and High Plains Capital Corporation ("High Plains")(collectively, the "Plaintiffs") as against FDEP and Secretary Hamilton, and in support thereof state the following:

## INTRODUCTION

1. Plaintiffs filed in the instant complaint on January 28, 2022, naming nineteen defendants, among which was FDEP and Secretary Hamilton.[1]

2. Plaintiffs assert claims against all defendants, including FDEP and Secretary Hamilton in his official capacity, for (1) breach of contract; (2) breach of an implied covenant of good faith and fair dealing; (3) specific performance; and (4) injunctive relief.

3. Plaintiffs' claims are based on two separate written agreements dated January 5, 2007, attached to the complaint. ECF No. 1, ¶ 61 and Composite Exhibit "A". One agreement was executed by the National Oceanic and Atmospheric Administration ("NOAA") and Halmos individually. *Id.* at p.42. The other agreement was executed by NOAA and Halmos, as President of International Yachting Charters, Inc. ("IYC, Inc."). *Id.* at p.58.

---

[1] The caption of the complaint names FDEP twice and Shawn Hamilton, in his official capacity as Secretary of FDEP and Director of FDEP. However, the body of the complaint contains no jurisdictional allegations against Mr. Hamilton in his official capacity as Director of FDEP, most likely because that title does not exist. *See*, §20.255, Fla. Stat. To the extent Plaintiffs have sufficiently pled a cause of action against Shawn Hamilton in his capacity as Director of FDEP this motion applies to Mr. Hamilton in that capacity as well.

4. Both agreements define "Florida" as "the State of Florida, including all its agencies and departments." *Id.* at Composite Exhibit "A", p. 29, ¶ 1.5 and Composite Exhibit "A", p. 43, ¶ 1.5.

5. Both agreements define the term "Parties" or "Party" to include "Florida (to the extent that Florida has executed this Agreement), collectively or individually." *Id.* at p. 29, ¶ 1.6 and p. 43, ¶ 1.6.

6. Neither of the agreements attached to the complaint was executed by FDEP, by Secretary Hamilton, or by any official of the State of Florida. *Id.*

7. Plaintiffs assert that Secretary Hamilton overseas the operations of FDEP in his official capacity and that FDEP "is the state's "lead agency for environmental management and stewardship, protecting [Florida's] air, water, and land." *Id.* at ¶¶ 17 and 18.

8. The complaint as against FDEP and Secretary Hamilton should be dismissed for lack of subject matter jurisdiction and failure to state a cause of action.

## ARGUMENT AND MEMORANDUM OF LAW

**I. Plaintiffs' claims against FDEP and Secretary Hamilton are barred by Eleventh Amendment immunity.**

The Department is an agency of the State of Florida. As such, it is immune from claims in federal court by citizens of another state and citizens of its own state pursuant to the Eleventh Amendment to the United States Constitution. The United States Constitution precludes federal courts from hearing suits by private citizens against state governments without the state's consent:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amendment XI; s*ee also, Hans v. Louisiana,* 134 U.S. 1, 10 (1890); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72 - 73 (1996). "Accordingly, for over a century now, [the Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States," including "suits brought by citizens against their own States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). Absent waiver or valid abrogation of a State's Eleventh Amendment sovereign immunity, federal courts may not entertain a private person's suit against a state. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254 (2011). "This withdrawal of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Florida has not, through its limited statutory waiver of sovereign immunity or otherwise, waived its Eleventh Amendment immunity. *See*, § 768.28(18), Fla. Stat.; *Gamble v. Fla. Dep't of Health & Rehabilitative Services*, 779 F.2d 1509, 1515 (11th Cir. 1986).

State agencies, including the Florida Department of Environmental Protection, are entitled to Eleventh Amendment immunity. *See, Miccosukee Tribe of Indians v. Fla. Stat. Athletic Comm'n*, 226 F. 3d 1226, 1232-1233 (11th Cir. 2000). FDEP is a state agency under the Eleventh Amendment analysis. *Id*. (applying four-factor analysis to a similarly situated state "agency"); Art.IV § 6, Fla. Const. (describing departments as part of executive branch in Florida government); § 20.255, Fla. Stat. (describing organization of Department as state agency); § 284.30, Fla. Stat. (describing liability of state risk management fund for judgments against state agencies); *Am. Contractors Indem. Co. v. Regis S., Inc.*, 2020 WL 9073335, at *1–2 (M.D. Fla. 2020) (addressing immunity of the Department under Eleventh Amendment); *Grosscup v. Pantano*, 725 F. Supp. 2d 1370, 1381-1382 (S.D. Fla. 2010) (same).

**II. Plaintiffs cannot circumvent sovereign immunity through supplemental jurisdiction.**

Plaintiffs allege that this Court has supplemental jurisdiction over the claims against FDEP and Secretary Hamilton pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same claim or controversy under Article III of the United States Constitution. ECF No. 1 ¶ 30. "In any civil action of which the district courts have original jurisdiction," such as the Title VII claim in this case, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. However, the Supreme Court has rejected the notion that § 1367 allows exercise of jurisdiction over state claims brought against a state in federal court absent the state's explicit waiver of sovereign immunity. *Raygor v. Regents of University of Minnesota*, 534 U.S. 533, 541 (2002) ("we cannot read §1367 to authorize district courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute expressly excludes such claims."); *Hubbard v. Fla. Dep't of Highway Safety & Motor Vehicles,* 2006 WL 8435435, at *4 (S.D. Fla. 2006).

**III. Plaintiffs haves failed to state claims for relief against FDEP and Secretary Hamilton.**

The Federal Rules of Civil Procedure require a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the court must determine whether the complaint contains sufficient factual matter to

"state a claim to relief that is plausible on its face." *Id.* at 570. This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Federal Rules of Civil Procedure do not require the attachment of the contract sued upon, Fed. R. Civ. P. 10(c) provides that an attachment to a complaint generally becomes "part of the pleading for all purposes," including for ruling on a motion to dismiss. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that a "court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss ...."); *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511–12 (11th Cir. 2019).

Here, Plaintiffs have alleged that the contracts upon which they are suing are attached to the complaint. ECF No. 1, ¶ 61 and Composite Exhibit "A". Those contracts were attached to the complaint were not executed by FDEP, by Secretary Hamilton, or by any official of the State of Florida. *Id.* As a general rule, non-parties to a contract, such as Defendants, can neither sue nor be sued for breach of a contract to which they were not parties. *Biscayne Inv. Grp., Ltd. v. Guarantee Management Servs., Inc.,* 903 So.2d 251, 255 (Fla. 3d DCA 2005); *Morgan Stanley DW, Inc. v. Halliday,* 873 So.2d 400, 403 (Fla. 4th DCA 2004); *Solnes v. Wallis & Wallis, P.A.*, 2013 WL 3771341, at *4 (S.D. Fla. 2013). A "litigant may be defeated by his own evidence, the pleader by his own exhibits" when "he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511–12 (11th Cir. 2019) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940). Further, when exhibits attached to a complaint "contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* at 513-514 (*citations omitted*).

## CONCLUSION

Plaintiffs' claims against FDEP and Secretary Hamilton fail because: (1) the suit is barred by Eleventh Amendment immunity; (2) Plaintiffs cannot circumvent sovereign immunity through supplemental jurisdiction; and (3) Plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, FDEP and Secretary Hamilton respectfully move for an Order dismissing Plaintiffs complaint as against it with prejudice.

Respectfully submitted this 2nd day of May 2022.

    STATE OF FLORIDA DEPARTMENT
    OF ENVIRONMENTAL PROTECTION

    */s/ Jay Patrick Reynolds*
    Jay Patrick Reynolds
    Senior Assistant General Counsel
    Florida Bar No.: 95291
    3900 Commonwealth Boulevard
    Mail Station 35
    Tallahassee, FL 32399-3000
    Telephone: (850) 245-2242
    Facsimile: (850) 245-2298
    Email: Patrick.Reynolds@FloridaDEP.gov
    Lateshee.M.Daniels@FloridaDEP.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of May 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to counsel of record.

    *s/ Jay Patrick Reynolds*
    Jay Patrick Reynolds