UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 22-10006-CIV-MARTINEZ-STRAUSS

PETER HALMOS, *et al.*,

    Plaintiffs,

v.

RICHARD W. SPINARD, *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jared M. Strauss, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion for Reconsideration, (ECF No. 50), Motion to Adopt, (ECF No. 51), and Defendant United States of America's Second Motion to Dismiss, (ECF No. 57). (ECF No. 69.) Judge Strauss filed a Report and Recommendation ("R&R"), recommending that the Motion for Reconsideration, (ECF No. 50), be denied, that the Motion to Adopt, (ECF No. 51), be granted to the extent it seeks to adopt the arguments made in the Motion for Reconsideration but denied insofar as it seeks reconsideration, and that the Motion to Dismiss, (ECF No. 57), be granted. (ECF No. 71.)

The parties' objections to the R&R, if any, were due on or before March 11, 2025. (*Id.*) Judge Strauss instructed that "[f]ailure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice." (*Id.* (citing 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th

1

Cir. 1989); 11th Cir. R. 3-1.)) On the day objections were due, Plaintiff moved for an extension of time to file objections to the R&R through March 15, 2025, (ECF No. 73), which this Court promptly granted, (ECF No. 74). Accordingly, Plaintiff's objections were due on or before March 15, 2025. (ECF No. 74.) Plaintiff failed to meet this extended deadline or request a further extension of time to do so, and instead filed untimely objections on March 17, 2025. (ECF No. 75.)

Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, the liberal construction given to *pro se* pleadings "**does not mean liberal deadlines.**" *See Robinson v. Schafer*, 305 Fed. Appx. 629, 630 (11th Cir. 2008) (emphasis added). This is especially true considering Plaintiff clearly knew the process for seeking extensions of time, as he requested this Court to extend the deadline through March 15 and has requested and received extensions of other deadlines throughout the pendency of this case. (ECF Nos. 39, 40, 45, 46, 58, 62.) Further, it was incumbent upon Plaintiff to request an extension of time of an appropriate duration that accurately reflected his needs when he first requested an extension of time to file his objections, (ECF No. 73.)

Because Plaintiff failed to timely file objections or request an additional extension of time to do so, he is barred from a *de novo* determination by this Court of the issues covered in the R&R and from attacking on appeal any factual or legal conclusions contained in the R&R, except upon plain error if necessary in the interest of justice. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1. Regardless, this Court has reviewed Judge Strauss's R&R, (ECF No. 71), the record, and relevant legal authorities and concludes that the factual findings and legal conclusions within the R&R are well supported by the record and relevant authorities.

While Plaintiff's objections[1] were not timely submitted as to Judge Strauss's R&R, the Court construes section II, pages 3-6, as a Motion to Reconsider this Court's paperless order[2] denying in part Plaintiff's motion for extension of time to file objections to Magistrate Judge Strauss's Order[3] Denying Motion for Hearing, (ECF No. 55), Motion for Extension of Time to Respond to Second Motion to Dismiss, (ECF No. 58), and Motion to Compel Discovery, (ECF No. 59). To the extent Plaintiff seeks reconsideration of that denial, Plaintiff's request is granted. Plaintiff may object to Judge Strauss's Order, (ECF No. 72), **on or before March 28, 2025**.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that:

1. United States Magistrate Judge Strauss's Report and Recommendation, (ECF No. 71), is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Reconsideration, (ECF No. 50), is **DENIED**.

3. Plaintiffs' Motion to Adopt, (ECF No. 51), is **GRANTED** to the extent it seeks to adopt the arguments made in the Motion for Reconsideration but **DENIED** insofar as it seeks reconsideration.

4. Defendant's Second Motion to Dismiss for Failure to State a Claim, (ECF No. 57), is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18 day of March, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Strauss
All Counsel of Record

---

[1] ECF No. 75
[2] ECF No. 74
[3] ECF No. 72